UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER J. DRESSER                        CIVIL ACTION

VERSUS                                         NUMBER: 07-1497
                                               & CONS. CASES

JOSEPH N. INGOLIA, ETC. ET AL.                 SECTION: "C"(5)

## ORDER

Presently before the Court is the defendants' motion to stay discovery and/or alternatively for a protective order from plaintiffs' discovery. (Rec. doc. 68). For the following reasons, the motion to stay is GRANTED.

Defendants have currently pending a motion to dismiss pursuant to Rules 12(b)(1), (5) and (6) of the Federal Rules of Civil Procedure. Various arguments are advanced in that motion wherein dismissal of claims is sought, including lack of jurisdiction, failure to exhaust administrative remedies, absolute and/or qualified immunity and statute of limitations.

Plaintiffs have acknowledged that a Rule 12(b)(6) motion based upon qualified immunity does not require discovery but, rather, is

handled on the basis of the complaint. <u>Dyson v. City of Amite</u>, 1997 WL 537683 (E.D. La. 1997). However, plaintiffs claim that they are entitled to discovery on jurisdictional issues.

The Court notes that plaintiffs' discovery requests are rather broad based. However, the first two arguments that plaintiffs advance as to their need for discovery deal with an alleged meeting on February 24, 2005, referenced in plaintiffs' complaint. Yet, it seems that plaintiffs already have substantial information pertaining to that meeting, i.e., who was in attendance and a copy of a memo from one of the attendees, Judge Massey, protesting the tenor of the meeting. For purposes of a motion to dismiss, it would seem that this information would be sufficient.

Plaintiffs' other arguments pertaining to why discovery is needed now deal with defendants' allegations that 1) plaintiffs have not identified extraordinary circumstances warranting that action taken by the Coast Guard was discretionary, 2) Coast Guard administrative proceedings provide an adequate remedy to plaintiffs and, therefore, the Court should abstain from dealing with this litigation, 3) a statute of limitations defense that defendants advance is fact intensive for its proper refutation and 4) judicial and/or qualified immunity can be attacked in a factual fashion, i.e., that plaintiffs do not really know the capacity in which a given defendant was taking action.

Plaintiffs have not as yet filed a response to defendants' motions. Furthermore, that motion is scheduled for hearing in such a fashion that plaintiffs' response thereto will be required before

any discovery which the Court might order would be due for production.  As noted earlier, the requests propounded are extremely broad and, in fairness, the Court would be amenable to some reasonable period of time for production of documents.

While the Court finds the allegations made by plaintiffs herein to be disturbing to say the least, in that the allegations imply that adjudications received by plaintiffs were deliberately unfair, an adjudication of the pending motions prior to commencement of discovery will result in a more orderly progression of this litigation.

The type of discovery sought by the current requests for production and interrogatories is more geared to the merits of the litigation.  Because of the breadth of the information sought, the Court prefers to see if this litigation is streamlined in any fashion by a ruling on the pending motions before the Government is ordered to respond in any fashion.  At a bare minimum, the Court cannot determine how to go about tailoring the response which the Government might need to provide here until plaintiffs have responded to the pending motions, as it was unclear from discussions with counsel exactly what they were looking to obtain and for what reasons.

Accordingly, the motion to stay discovery is GRANTED, pending a ruling on the pending dispositive motions filed herein.

New Orleans, Louisiana, this 31st day of    August    , 2007.

```
                                        _____
                                              ALMA L. CHASEZ
                                        UNITED STATES MAGISTRATE JUDGE
```